**Aloysius HENRYANTO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 07–2155.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 2, 2008.

Filed: April 9, 2008.

Steven A. Morley, Morley, Surin & Griffin, Philadelphia, PA, for Petitioner.

Ari Nazarov, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Aloysius Henryanto, an Indonesian native and citizen, petitions for review of a final order of the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ") denial of Henryanto's application for withholding of removal and relief under the Convention Against Torture ("CAT").[1] Before the IJ, Henryanto claimed that he feared returning to Indonesia because he would be persecuted for his practice of Catholicism and his wife's Chinese heritage. The IJ denied Henryanto's applications because he failed to establish past persecution or a well-founded fear of future persecution. The BIA adopted and affirmed the IJ's decision. We will deny Henryanto's petition for review because substantial evidence supports the BIA's determination. *See Guo v. Ashcroft,* 386 F.3d 556, 561 (3d Cir.2004).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA not only adopted the IJ's decisions but also expanded upon them, our review encompasses both decisions. *Chen v. Ashcroft,* 376 F.3d 215, 222 (3d Cir.2004).

▮ To obtain withholding of removal, Henryanto bore the burden of establishing that his life or freedom would be threatened in Indonesia on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8

---

1. The IJ and the BIA also determined that Henryanto's application for asylum was time barred. Henryanto does not challenge that finding on appeal.

U.S.C. § 1231(b)(3)(A); *Romanishyn v. Attorney General,* 455 F.3d 175, 178 n. 1 (3d Cir.2006). Henryanto argues that he provided sufficient evidence of past-persecution which, in addition to evidence of a pattern of persecution of Christians and ethnic Chinese in Indonesia, demonstrated that he would more likely than not be persecuted if he returned to Indonesia. We agree with the government that Henryanto's allegations of past persecution were not properly raised before the BIA and, therefore, that we lack jurisdiction to entertain the claim. *See Abdulrahman v. Ashcroft,* 330 F.3d 587, 594–95 (3d Cir. 2003) (an alien is required to raise and exhaust his remedies as to each claim or ground of relief if he is to preserve the right of judicial review of that claim).

■ Henryanto also takes issue with the BIA's interpretation of the U.S. State Department's country reports on Indonesia. Specifically, Henryanto argues that the BIA used out of context sentences from the 2005 and 2006 country reports to support its determination while ignoring information in the reports which contradicted its decision. We have previously stated, "Country reports ... are the most appropriate and perhaps the best resource of information on political situations in foreign nations." *Zubeda v. Ashcroft,* 333 F.3d 463, 477–78 (3d Cir.2003) (internal quotation and citation omitted). The BIA, relying on the 2006 International Religious Freedom Report for Indonesia, noted that most of the population of Indonesia enjoys a high degree of religious freedom and that Indonesia recognizes Catholicism as an official religion. The BIA also determined that discrimination and harassment of the ethnic Chinese in Indonesia was declining. Henryanto correctly points out that the report also notes instances of discrimination and religiously motivated violence by extremist groups. However, the BIA, contrary to Henryanto's assertions, considered this evidence and determined that the threat of harm to Christians and ethnic Chinese was not so systematic or pervasive as to amount to persecution. "Just because the State Department report cuts both ways ... does not mean that it does not constitute substantial evidence." *Kayembe v. Ashcroft,* 334 F.3d 231, 236 (3d Cir.2003). We find in this instance that the country reports provide substantial evidence to support the BIA's conclusions. Because Henryanto relies on the same evidence to support his application for protection under CAT, that application was also justifiably denied. *See* 8 C.F.R. § 208.16(c)(2).

For the above-stated reasons, we will deny the petition for review.